1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   Irina G. Rosenberg (SBN 287024)
3  irosenberg@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendant
   AMAZON.COM SERVICES, LLC.

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | DAVID REYES, an individual, | Case No. 5:22-cv-810 |
|---|---|---|
| 13 | Plaintiff, | **DEFENDANT AMAZON SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| 14 | v. | |
| 15 | AMAZON.COM SERVICES, LLC, a corporate entity form unknown, and DOES 1-50, inclusive, | **[SAN BERNARDINO COUNTY SUPERIOR CT., CASE NO. CIV-SB-2201928** |
| 16 | | |
| 17 | Defendant. | |
| 18 | | Date Action Filed:      February 22, 2022 |

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2   I.      BACKGROUND ..................................................................................1

3   II.     TIMELINESS OF REMOVAL ..........................................................2

4   III.    DIVERSITY OF CITIZENSHIP JURISDICTION ...........................2

5         A.     Plaintiff Is A Citizen Of California .................................................2

6         B.     Amazon Is Not A Citizen Of California ...........................................3

7         C.     Doe Defendants Are Disregarded For Diversity ...........................5

8   IV.    AMOUNT IN CONTROVERSY .......................................................5

9         A.     Compensatory Damages....................................................................6

10        B.     Emotional Distress Damages ............................................................7

11        C.     Punitive Damages.............................................................................8

12        D.     Attorneys' Fees And Costs................................................................8

13   V.     VENUE ..............................................................................................9

14   VI.    NOTICE OF REMOVAL ................................................................10

15   VII.   PRAYER FOR REMOVAL .............................................................10

16

17

18

19

20

21

22

23

24

25

26

27

28

83394512v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Armstrong v. Church of Scientology Int'l,*
    243 F.3d 546 (9th Cir. 2000) ..................................................................... 3

*Brady v. Mercedes-Benz USA, Inc.,*
    243 F. Supp. 2d 1004 ................................................................................. 8

*Conrad Assocs. v. Hartford Accident & Indemnity Co.,*
    994 F. Supp. 1196 (N.D. Cal. 1998) .......................................................... 6

*Davenport v. Mutual Benefit Health & Accident Ass'n,*
    325 F.2d 785 (9th Cir. 1963) ................................................................. 6, 8

*Davis v. HSBC Bank Nevada, N.A.,*
    557 F.3d 1026 (9th Cir. 2009) ................................................................... 4

*Fristoe v. Reynolds Metals, Co.,*
    615 F.2d 1209 (9th Cir. 1980) ................................................................... 5

*Fritsch v. Swift Transp.,*
    899 F. 3d 785 (9th Cir. 2018) .................................................................... 8

*Galt G/S v. JSS Scandinavia,*
    142 F.3d 1150 (9th Cir. 1998) ............................................................... 6, 8

*Gaus v. Miles, Inc.,*
    980 F.2d 564 (9th Cir. 1992) ..................................................................... 5

*Hertz Corp. v. Friend,*
    559 U.S. 77 (2010) ..................................................................................... 4

*Johnson v. Columbia Props. Anchorage, L.P.,*
    437 F.3d 894 (9th Cir. 2006) ..................................................................... 3

*Kantor v. Wellesley Galleries, Inc.,*
    704 F.2d 1088 (9th Cir. 1983) ................................................................... 2

*Lew v. Moss,*
    797 F.2d 747 (9th Cir. 1986) ..................................................................... 3

ii

*Lyon v. W.W. Grainger Inc.*,
  2010 WL 1753194 (N.D. Cal. Apr. 29, 2010) ............................................................ 8

*Richmond v. Allstate Ins. Co.*,
  897 F. Supp. 447 (S.D. Cal. 1995) ............................................................................. 8

*Sanchez v. Monumental Life Ins.*,
  102 F.3d 398 (9th Cir. 1996) ...................................................................................... 5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ...................................................................................... 3

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) .................................................................................... 5

**State Cases**

*Aboulafia v. GACN Inc.*,
  2013 WL 8115991 (Los Angeles Sup. Ct.) ................................................................ 7

*Christle v. City of Los Angeles*,
  2007 WL 4624405 (L.A. County Sup. Ct.) ................................................................ 9

*Conney v. University of California Regents*,
  2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) ............................ 7

*Denenberg v. California Dep't of Trans.*,
  2007 WL 2827715 (San Diego County Superior Court) (Sept. 14, 2006) ................. 9

*DFEH v. County of Riverside*,
  2003 WL 24304125 (Riverside County Sup. Ct., Oct. 16, 2003) ........................... 7, 9

*Gallegos v. Los Angeles City College*,
  2003 WL 23336379 (Los Angeles County Superior Court) (Oct. 16,
  2003) ........................................................................................................................... 9

*Kell v. AutoZone Inc.*,
  No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) .............. 7

*Leimandt v. Mega RV Corp.*,
  2011 WL 2912831 (Orange County Sup. Ct.) ............................................................ 7

*McMillan v. City of Los Angeles*,
  2005 WL 3729094 (Los Angeles County Superior Court) (March 21,
  2005) ........................................................................................................................... 9

iii

83394512v.1

*Mnaskanian v. 21st Century Ins. Co.*,
    2006 WL 2044625 (L.A. County Sup. Ct.) ................................................. 9

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) ................................................. 7

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct.) ................................................. 7

*Welch v. Ivy Hill Corp.*,
    2011 WL 3293268 (Los Angeles Sup. Ct.) ................................................. 7

**Federal Statutes**

28 U.S.C. § 1332 .................................................................................................. 5

28 U.S.C. § 1332(a) ............................................................................................. 6

28 U.S.C. § 1332(a)(1) ..................................................................................... 2, 9

28 U.S.C. § 1332(c) ............................................................................................. 4

28 U.S.C. § 1332(c)(1) ......................................................................................... 3

28 U.S.C. § 1391(a) ........................................................................................... 10

28 U.S.C. § 1441(a) .................................................................................... 2, 5, 10

28 U.S.C. § 1446(a) ........................................................................................... 10

28 U.S.C. § 1446(b) ............................................................................................. 2

28 U.S.C. § 1446(b)(2)(B) ................................................................................... 2

28 U.S.C. § 1446(d) ........................................................................................... 10

**State Statutes**

Business & Professions Code § 17200 ............................................................ 1, 6

Gov. Code § 12940 .............................................................................................. 1

Gov. Code § 12940(h)......................................................................................... 1

Gov. Code § 12940(k).......................................................................................... 1

iv

Gov. Code § 12940(m) ....................................................................................... 1

Gov. Code § 12940(n) ....................................................................................... 1

DEFENDANT AMAZON SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

83394512v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAVID REYES AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Amazon.Com Services, LLC ("Amazon" or "Defendant") hereby removes the above-referenced action from the Superior Court for the County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, based on diversity of citizenship jurisdiction.  This removal is proper for the following reasons.

## I.    BACKGROUND

1.      On February  22, 2022, Plaintiff David Reyes filed a complaint in the Superior Court of California for the County of San Bernardino entitled *David Reyes, an individual, Plaintiff v. Amazon.Com Services, LLC, a corporate entity form unknown, and Does 1 through 50, inclusive, Defendants, Case No. CIV-SB-2201928* (the "State Court Action").

*2.*      In the State Court Action, Plaintiff asserts seven causes of action for: (1) Discrimination in Violation of Gov. Code §12940; (2) Failure to accommodate in Violation of Gov. Code §12940(m); (3) Failure to Engage in the Interactive Process in Violation of Gov. Code §12940(n); (4) Failure to prevent Discrimination in Violation of Gov. Code §12940(k); (5) Retaliation in Violation of Gov. Code §12940(h); (6) Wrongful Termination; and (7) Violation of Business & Professions Code §17200 *et seq.*

3.      On April 14, 2022, Amazon received, via personal service on its agent for service of process, the Summons, the Complaint and Attachments, the Civil Case Cover Sheet, Certificate of Assignment,  Notice of Trial Setting Conference and Notice of Case Assignment, Initial Trial Setting Conference Statement, and Plaintiff's Statement of Punitive Damages. A true and correct copy of the service packet received by Defendant is attached as **Exhibit A.**

83394512v.1

4.      On May 11, 2022, Amazon filed an Answer in the Superior Court of California, County of San Bernardino.  A true and correct copy of the Answer filed is attached as **Exhibit B.**

5.      Defendant has not filed or received any other pleadings or papers, other than the pleadings and papers described as **Exhibit A** and **Exhibit B** in this action prior to this Notice of Removal.

6.      In the State Court Action, the Court has set a Trial Setting Conference for August 29, 2022.  No other hearings or conferences have been requested by the parties or set by the Court.

7.      As discussed in greater detail below, Plaintiff is a citizen of California and Amazon is a citizen of the States of Delaware and Washington, and the amount in controversy exceeds $75,000 on the face of Plaintiff's Complaint.

## II.    TIMELINESS OF REMOVAL

8.      This Notice of Removal is timely as it is filed within 30 days of service of a copy of the Summons and Complaint on Amazon in this action on April 14, 2022.  28 U.S.C. § 1446(b). Each Defendant has 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2)(B).

## III.   DIVERSITY OF CITIZENSHIP JURISDICTION

9.      The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). Defendant may remove this action from state to federal court pursuant to 28 U.S.C. section 1441(a) as it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Plaintiff Is A Citizen Of California

10.     Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must  . . . be domiciled in the

2

state."). Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).

11.     Plaintiff alleges in the Complaint that he worked in Rialto, California, and all of the claims and causes of action occurred in the County of San Bernardino, State of California. (Ex. A, Compl. ¶ 9). A review of public records confirm that Plaintiff resided in San Bernardino County, California when he filed the State Court Action and as of the time of this removal.  (Irina G. Rosenberg Declaration, ("Rosenberg Decl."), ¶ 4.) Further evidence that Plaintiff resides in California can be found in the fact that, throughout his employment with Amazon, Plaintiff listed his home address in San Bernardino County, California as his residence for the purposes of his personnel file, payroll checks, and tax withholdings. (Declaration of Jonathan Luu ("Luu Decl."), ¶ 3.)

12.     Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

## B.     Amazon Is Not A Citizen Of California

13.     Amazon is now, and ever since this action commenced has been, a citizen of a state other than California. A limited liability company is a citizen of all of the states of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

14.     Amazon is a limited liability company with a single member, Amazon.com Sales, Inc. (Declaration of Zane Brown ("Brown Declaration"), ¶ 5.)

15.     Amazon.com Sales, Inc. is now, and was at the time of the filing of this action, a citizen of states other than California within the meaning of 28 U.S.C. section

3

1332(c)(1). "[A] corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business."  28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d 1026, 1028 (9th Cir. 2009) ("[A] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"). One determines a corporation's principal place of business with the "nerve center" test.  *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id.* at 92.  A corporation typically directs and coordinates its activities from its headquarters. *Id.*

16.     Amazon.com Sales, Inc. is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Brown Declaration, ¶5) Further, as detailed below, Amazon.com Sales, Inc.'s principal place of business is, and has been at all times since this action commenced, located in the State of Washington. (Brown Declaration, ¶6)

17.     Amazon.com Sales, Inc. is wholly owned by Amazon.com, Inc. (Brown Declaration, ¶5). Amazon.com, Inc. is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Brown Declaration, ¶5) Amazon.com, Inc.'s principal place of business is, and has been at all times since this action commenced, located in the State of Washington. (Brown Declaration, ¶6)

18.     Pursuant to *Davis,* 557 F.3d at 1028 and *The Hertz Corp.*, 559 U.S. at 93, Amazon.com Sales, Inc.'s principal place of business is Washington because its "nerve center" is located in that state. Amazon.com Sales, Inc.'s corporate headquarters are located in Seattle, Washington, where its high level officers direct, control, and coordinate its activities. (Brown Declaration, ¶6) Amazon.com Sales, Inc.'s high level corporate officers maintain offices in Seattle, Washington and many of its corporate level functions are performed in the Seattle, Washington offices. (Brown Declaration, ¶6) Additionally, many of Amazon.com Sales, Inc.'s administrative functions, including

4

corporate finance and accounting, legal, human resources, and information systems, are directed from the Seattle, Washington headquarters.  (*Id.*) Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and a citizen of Washington.

19.    Therefore, for purposes of diversity of citizenship, Amazon is, and has been at all times since this action commenced, a citizen of the States of Delaware and Washington.

**C.    Doe Defendants Are Disregarded For Diversity**

20.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

**IV.    AMOUNT IN CONTROVERSY**

21.    While Amazon denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdiction minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount." (internal citation omitted)).

22.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

83394512v.1

23.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

24.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

25.     Plaintiff's Complaint alleges claims of disability discrimination and retaliation, failure to accommodate and engage in the interactive process, failure to prevent discrimination, wrongful termination, and violation of Business & Professions Code § 17200. Plaintiff prays in part for compensatory damages, emotional distress damages, restitution, pre-judgment and post-judgment interest, punitive damages, attorneys' fees, and costs of suit. (Ex. A, Compl., Prayer for Relief, ¶¶ 1-8.)

## A.     Compensatory Damages

26.     Plaintiff alleges that his employment was terminated on or about October 27, 2020.  (Ex. A, Compl., ¶ 14.)  Plaintiff's Prayer for Relief prays for judgment "For actual, consequential, and incidental damages including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000)" (Ex. A, Compl. Prayer for Relief. ¶ 1)  Thus, on the face of Plaintiff's Complaint, the amount in controversy as to his economic damages alone exceeds $75,000.

**B.    Emotional Distress Damages**

27.    In addition to alleged lost wages of at least $300,000, Plaintiff claims emotional distress damages, including "humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction…" (Ex. A, Compl., ¶¶ 25, 40, 55, 66, 68, 75, and 86) In cases alleging discriminatory and retaliatory discharge, the emotional distress damages alone often exceed the $75,000 amount in controversy requirement. *See Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct., Oct. 16, 2003) (jury award of $300,000 emotional distress damages for failure to accommodate claim); *Kell v. AutoZone Inc.*, No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee for disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional distress damages exceeds the $75,000 amount in controversy requirement on its own.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.   Punitive Damages

28.     Plaintiff also seeks punitive damages. (Ex. A, Compl. ¶¶31, 46, 61,69, 76, Prayer for Relief, ¶ B., Plaintiff's Statement of Punitive Damages.) Plaintiff's Statement of Punitive Damages provides that Plaintiff "reserves the right to seek $100,000 in punitive damages…" (Ex. A, Plaintiff's Statement of Punitive Damages). For amount in controversy purposes, the Court must presume that Plaintiff will prevail on his claim for punitive damages. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Richmond  v. Allstate  Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). Therefore, on the face of Plaintiff's Complaint, the amount in controversy as to his claim for punitive damages alone exceeds $75,000.

### D.   Attorneys' Fees And Costs

29.     Plaintiff also claims that he is entitled to attorneys' fees (Ex. A, Compl., Prayer for Relief, ¶ 6-7.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

30.     The reasonable amount of attorneys' fees may be based upon fee awards in similar cases. *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (relying on evidence of fee

DEFENDANT AMAZON SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

83394512v.1

awards in similar cases to determine a reasonable estimate of attorneys' fees). Verdicts in similar cases show that attorneys' fees in retaliation and wrongful termination cases typically exceed $75,000. *See Christle v. City of Los Angeles,* 2007 WL 4624405 (L.A. County Sup. Ct.) (award of $804,760 in non-economic damages in retaliation case); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee denied reinstatement despite request for reasonable accommodation for disability); *Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Superior Court) (Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, sexual harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Superior Court) (March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Superior Court) (Oct. 16, 2003) (attorney's fees award of $159,277 for claim of wrongful discharge); *Cal. Dep't of Fair Employment and Hous. V. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.)(jury awarded $300,000 for emotional distress damages in an alleged failure to accommodate and disability discrimination case).

31.     For each of the foregoing reasons and based upon the allegations contained in Plaintiff's Complaint, Amazon is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Amazon, and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 20 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V.     VENUE

32.     Removal to this Court is proper because Plaintiff originally filed this action in Superior Court of the State of California, County of San Bernardino, which is located within the Central District of the State of California. Thus, without waiving Amazon's right to challenge, among other things, personal jurisdiction and/or venue by way of a

motion or otherwise, venue lies in this Court pursuant to 28 U.S.C. sections 1391(a) and 1441(a).

## VI.   NOTICE OF REMOVAL

33.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino, in the State Court Action.

34.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

35.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, discovery, and orders filed and/or served in this action are attached as **Exhibit A**, and **Exhibit B.**

## VII.   PRAYER FOR REMOVAL

WHEREFORE, Amazon prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California.

DATED: May 12, 2022                          Respectfully submitted,

SEYFARTH SHAW LLP


By:    *s/Jamie C. Pollaci*
                        Jamie C. Pollaci
                        Irina G. Rosenberg
                   Attorneys for Defendant
            AMAZON.COM SERVICES, LLC.

83394512v.1