# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 28 2022

BY _____
EDUARDO HERNANDEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC, a corporate entity form unknown; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID REYES, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | San Bernando District- Civil Division 247 W. Third St San Bernardino, CA 92415 | CASE NUMBER: *(Número del Caso):* CIV SB 2201928 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jihad M. Smaili (SBN: 262219); Smaili & Associates, PC; 600 West Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE: *(Fecha)* FEB 28 2022 | Clerk, by *(Secretario)* EDUARDO HERNANDEZ | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES LLC
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 22 2022

BY _____
EDUARDO HERNANDEZ, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| DAVID REYES, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br>Assigned for all purposes to the<br><br>**COMPLAINT:** CIV SB 2201920<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>5. Retaliation in Violation of Gov. Code §12940(h)<br>6. Wrongful Termination<br>7. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

COMPLAINT

1

1   Plaintiff David Reyes (hereinafter "Plaintiff" and/or "Reyes") alleges as follows:

2   **THE PARTIES**

3       1.      At all times mentioned herein, and at the time the causes of action arose,

4   Plaintiff was and is an individual.

5       2.      Plaintiff is informed and believes and thereon alleges that at all times

6   mentioned herein, Defendant Amazon.com Services LLC, (hereinafter "Amazon"), is a

7   corporate entity, form unknown, regularly conducting business in the State of California,

8   and specifically, in the County of San Bernardino.  Plaintiff is further informed and

9   believes and thereon alleges that Amazon was transacting business in the County of San

10  Bernardino, State of California, at the time claims of Plaintiff arose.   At all times

11  relevant, Amazon was an employer within the meaning of *Government Code* §12926(d)

12  and as such was barred from, *inter alia*, harassing, discriminating or retaliating against

13  Plaintiff in personnel, scheduling, employment, promotion, advancement, retention,

14  hiring, terminating and other decisions relating to Plaintiff's employment on the basis of

15  age, race, physical disability or medical condition, participation in protected activity, and

16  other immutable characteristics.

17      3.      The true names and capacities, whether individual, corporate, associate, or

18  otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff,

19  who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to

20  amend this complaint to show their true names and capacities when ascertained.  Plaintiff

21  is informed and believes and thereon alleges that each Defendant named herein as a DOE

22  was responsible in some manner for the occurrences and damages alleged herein.

23      4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers

24  to Amazon, and also refers to all Defendants sued under fictitious names, jointly and

25  severally.

26      5.      Plaintiff is informed and believes and thereon alleges that Defendants, and

27  each of them, are now and/or at all times mentioned in this Complaint were in some

28  manner legally responsible for the events, happenings and circumstances alleged in this

Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.   Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.   Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.    Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

**VENUE AND JURISDICTION**

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Rialto, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of San Bernardino, State of California.

**FACTUAL BACKGROUND**

10.     In or around July 2020, Defendant hired Plaintiff as warehouse employee. His job duties included, but were not limited to, scanning boxes and stacking them on pallets. Plaintiff worked hard and earned an hourly wage of $15.00.

11.     Due to the repetitive and physical nature or his job duties, Plaintiff started experiencing pain in his knees. As his pain worsened, he started having to go increasingly to therapy and to the doctor. He went to see an orthopedic doctor and got MRIs. Although Defendant knew about Plaintiff's work-related disability, Defendant did not provide workers' compensation paperwork, did not engage in a good faith interactive process, and did not provide a reasonable accommodation.

12.     On or about September 10, 2020, the pain became unbearable and so Plaintiff called in for a leave of absence from work. Despite being aware of his disability, Defendant again failed to provide Plaintiff with workers compensation paperwork, failed to engage him in a good faith interactive process, and failed to provide a reasonable accommodation for his disability.

13.     On or about September 23, 2020, Plaintiff was diagnosed with "Runner's Knees" and was given work restrictions by his doctor not to stand for long hours. Plaintiff suggested to Defendant that his work hours be limited to just 5 ½ hours per shift; yet, Defendant egregiously declined to provide this simple accommodation. Again, Defendant failed to provide Plaintiff with workers compensation paperwork, failed to engage him in a good faith interactive process, and failed to provide a reasonable accommodation for his disability.

14.     On or about October 27, 2020, in retaliation for his disability and requests for accommodation, Plaintiff received a letter from Defendant that said that they were unable to accommodate him, effectively terminating him. Defendant incredulously claimed that there were no positions available for Plaintiff, though this is patently and demonstrably false.

15.     Plaintiff is informed and believes that he suffered from harassment, discrimination, retaliation, and ultimately termination on the basis of his disability, requesting accommodation, and engagement in protected activity. Further, Defendant utterly failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer any reasonable accommodation.

16.     Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated March 29, 2021.

## FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*

#### (Against All Defendants)

17.     Plaintiff refers to all allegations contained in paragraphs 1-16, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

18.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

19.     Plaintiff has a disability as alleged above.

20.     Defendant was aware of Plaintiff's on-the-job injury and resulting

Smaili & Associates, P.C.

1  disability, as herein alleged, because Plaintiff specifically reported said disability directly

2  to Defendant via Defendant's supervisors and managing agents.

3      21.    At all times herein alleged, Plaintiff was qualified for the position of

4  employment that he held with Defendant and was able to perform the essential functions

5  of that job.

6      22.    Plaintiff is informed and believes and thereon alleges that as a direct and

7  proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an

8  interactive process, refused to communicate with Plaintiff, refused to accommodate

9  Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn

10  a living, and terminated Plaintiff.

11      23.    Defendant's discriminatory action against Plaintiff, as alleged above,

12  constitutes unlawful discrimination in employment on account of Plaintiff's disability in

13  violation of FEHA, and particularly *Gov't Code* §12940(a).

14      24.    As a direct, foreseeable, and proximate result of Defendant's discriminatory

15  action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

16  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

17  amounts of money Plaintiff would have received but for Defendants' discriminatory

18  conduct, all in an amount subject to proof at the time of trial, but believed to be no less

19  than three hundred thousand dollars ($300,000).

20      25.    As a direct, foreseeable, and proximate result of the wrongful conduct of

21  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

22  distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

23  amount subject to proof at trial.

24      26.    Plaintiff is informed and believes and thereon alleges that the above-alleged

25  actions of Defendant were the result and consequence of Defendant's failure to supervise,

26  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

27  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

28  enabled agents to believe that their conduct was appropriate.

COMPLAINT

27.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

28.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

29.     Plaintiff is informed and believes and thereon alleges that his disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

30.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

31.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

32.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(m)

#### (Against All Defendants)

33.     Plaintiff refers to all allegations contained in paragraphs 1-32, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

34.     Plaintiff has a disability as alleged above.

COMPLAINT

7

35.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

36.     Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of his disabilities.

37.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

38.     Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

39.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three hundred thousand dollars ($300,000), all subject to proof at the time of trial.

40.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

41.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

COMPLAINT

8

1  enabled agents to believe that their conduct was appropriate.

2    42.   Defendant, and each of them, failed to offer counseling or comfort to

3  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

4  workplace.

5    43.   Plaintiff is informed and believes and thereon alleges that Defendant has a

6  systemic and wide-spread policy of discriminating against and retaliating against

7  employees with disabilities.   By failing to stop the discrimination, harassment and

8  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

9  directly caused a vicious cycle of wrongful conduct with impunity.

10    44.   Plaintiff is informed and believes and thereon alleges that Defendant's

11  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

12  Defendant to discriminate against him and ultimately terminate him.

13    45.   The outrageous conduct of Defendant, and each of them, as alleged herein,

14  was done with oppression and malice by Defendant and its supervisors and managers,

15  along with conscious disregard of Plaintiff's rights, and were ratified by those other

16  individuals who were managing agents of Defendant.

17    46.   The conduct of Defendant as alleged hereinabove was done with malice,

18  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

19  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

20    47.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

21  amount according to proof at the time of trial which fees and expenses are recoverable

22  pursuant to *Gov't Code* §12900 *et seq.*

23              **THIRD CAUSE OF ACTION**

24    **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

25    **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**

26              **(Against All Defendants)**

27    48.   Plaintiff refers to all allegations contained in paragraphs 1-47, inclusive and

28  by such reference incorporates the same herein as though fully realleged in detail.

COMPLAINT

9

49.     Plaintiff has a disability as alleged above.

50.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

51.     Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

52.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

53.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

54.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars ($300,000), subject to proof at the time of trial.

55.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

56.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

1   enabled agents to believe that their conduct was appropriate.

2   57.   Defendant, and each of them, failed to offer counseling or comfort to

3   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

4   workplace.

5   58.   Plaintiff is informed and believes and thereon alleges that Defendant has a

6   systemic and wide-spread policy of discriminating against and retaliating against

7   employees with disabilities.  By failing to stop the discrimination, harassment and

8   retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

9   directly caused a vicious cycle of wrongful conduct with impunity.

10   59.   Plaintiff is informed and believes and thereon alleges that Defendant's

11   desire to avoid accommodating Plaintiff was a motivating factor in the decision of

12   Defendant to discriminate against him and ultimately terminate him.

13   60.   The outrageous conduct of Defendant, and each of them, as alleged herein,

14   was done with oppression and malice by Defendant and its supervisors and managers,

15   along with conscious disregard of Plaintiff's rights, and were ratified by those other

16   individuals who were managing agents of Defendant.

17   61.   The conduct of Defendant as alleged hereinabove was done with malice,

18   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

19   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

20   62.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

21   amount according to proof at the time of trial which fees and expenses are recoverable

22   pursuant to *Gov't Code* §12900 *et seq.*

23   ### FOURTH CAUSE OF ACTION

24   ### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

25   ### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

26   ### (Against All Defendants)

27   63.   Plaintiff refers to all allegations contained in paragraphs 1-62, inclusive and

28   by such reference incorporates the same herein as though fully realleged in detail.

*Smith & Associates, P.C.*

64. During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his race, national origin, age, and engagement in protected activity in violation of *Government Code* §12940(k).

65. As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

66. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

67. Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

68. As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

69. These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

70. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

///

### FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

#### (Against All Defendants)

71.     Plaintiff refers to all allegations contained in paragraphs 1-70, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

72.     At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

73.     Plaintiff is informed and believes and thereon alleges that as a consequence of requesting disability accommodations and medical treatment, lodging complaints about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability and age, Defendant took retaliatory action against Plaintiff by failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

74.     Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity including requesting disability accommodations, medical treatment, and lodging workplace complaints related to harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

75.     As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

76.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of

1   punitive and exemplary damages in an amount according to proof.

2   77.   Plaintiff has incurred and continues to incur legal expenses and attorney

3   fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

4   prays leave of court to amend this Complaint when said amounts are more fully known.

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### (Against All Defendants)

8   78.   Plaintiff refers to all allegations contained in paragraphs 1-77, inclusive and

9   by such reference incorporates the same herein as though fully realleged in detail.

10   79.   Defendant was aware that Plaintiff suffered from a disability.  Further,

11   Defendant was aware of Plaintiff's complaints about his workplace environment.

12   80.   *Labor Code* §232.5 makes it illegal for an employer to prohibit an

13   employee from discussing their working conditions.

14   81.   *Labor Code* §6310 protects an employee's right to complain of unsafe

15   working conditions.

16   82.   *Labor Code* §6400 requires employers to provide a work environment that

17   is safe for its employees.

18   83.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against

19   protected classes of employees.

20   84.   Defendant wrongfully terminated Plaintiff in violation of a substantial and

21   fundamental public policy in that a determining and motivating factor in Defendants'

22   decision to terminate Plaintiff was the desire to discriminate against him because: (i) he

23   suffered from a disability, and (ii) he lodged complaints about his working environment.

24   85.   Plaintiff is informed and believes and thereon alleges that these factors

25   made up Defendants decision to terminate Plaintiff and/or played an important and

26   integral role in said decision.  Such discrimination was in violation of the public policy of

27   the State of California and resulted in damage and injury to Plaintiff as alleged herein.

28   86.   As a proximate result of Defendants' willful, knowing, and intentional

1  discrimination and retaliation against Plaintiff, he has sustained and continues to sustain
2  substantial losses in Plaintiff earnings and other employment benefits and continues to
3  suffer humiliation, emotional distress, and mental and physical pain an and anguish, and
4  loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

5      87.    In light of Defendants' willful, knowing, and intentional discrimination
6  against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of
7  punitive and exemplary damages in an amount according to proof.

8                        **SEVENTH CAUSE OF ACTION**

9      **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200** *et seq.*

10                        **(Against All Defendants)**

11     88.    Plaintiff refers to all allegations contained in paragraphs 1-87 inclusive, and
12  by such reference incorporates the same herein as though fully realleged in detail.

13     89.    Defendant, and each of them, have engaged in unfair and unlawful
14  business practices as set forth above.

15     90.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair
16  business practices.

17     91.    By engaging in the above-described acts and practices, Defendant, and each
18  of them, have committed one or more acts of unfair, unlawful or fraudulent competition
19  within the meaning of Business & Professions Code §17200 *et seq.*

20     92.    Defendant, and each of them, have violated statutes and public policies.
21  Through the conduct alleged in this Complaint, Defendant, and each of them, have acted
22  contrary to public policies and have engaged in other unlawful and unfair business
23  practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff
24  and all interested persons of rights, benefits, and privileges guaranteed to all employees
25  under law.

26     93.    As a direct and proximate result of the aforementioned acts and practices,
27  Plaintiff has suffered a loss of money and property in the form of wages and benefits that
28  he would have received as an employee of Defendant, and each of them.

94.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000);

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4.  For pre-judgment and post-judgment interest, according to proof;

5.  For punitive and exemplary damages, according to proof;

6.  For attorneys' fees, according to proof and statute;

7.  For costs of suit incurred herein;

8.  For such other relief that the Court may deem just and proper.


Dated: February 21, 2022                          **SMAILI & ASSOCIATES, P.C.**


By:   */s/ Jihad M. Smaili*
      Jihad M. Smaili, Esq.
      Stephen D. Counts, Esq.
      Attorneys for Plaintiff

---

COMPLAINT

16

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: February 21, 2022          **SMAILI & ASSOCIATES, P.C.**


By:  _/s/ Jihad M. Smaili_
     Jihad M. Smaili, Esq.
     Stephen D. Counts, Esq.
     Attorneys for Plaintiff

COMPLAINT

17

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Jihad M. Smaili, Esq. SBN:262219
600 West Santa Ana Blvd Suite 202
Santa Ana , Ca 92701

TELEPHONE NO.: 714-547-4700      FAX NO. *(Optional):* 714-547-4710

ATTORNEY FOR *(Name):* Plaintiff

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 22 2022

BY _____
EDUARDO HERNANDEZ, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO

STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardio District- Civil Division

CASE NAME:
DAVID REYES VS. AMAZON.COM SERVICES LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV SB 2201920  JUDGE:  DEPT.: FAXED |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4.  Number of causes of action *(specify):* 7 Seven
5.  This case [ ] is  [✓] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:   2/21/2022

Jihad M. Smaili, Esq.                                          /s/ Jihad M. Smaili
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

BY FAX

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

DAVID REYES

Case No.: CIV SB 2201926

vs.

**CERTIFICATE OF ASSIGNMENT**

AMAZON.COM SERVICES LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground
is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
Civil Division of the San Bernardino District of the Superior Court under Rule 131 and General Order
of this court for the checked reason:

☐ General          ☐ Collection
**Nature of Action**      **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☑ | 20. Other Labor/Employment | The Cause of action arose within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this
case for filing in the above-designed district is:

AMAZON.COM SERVICES LLC                    26717 Baseline Street
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR              ADDRESS

Highland                          CA                92346
CITY                            STATE              ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on February 21, 2022        at 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701 ,
California.

*/s/ Jihad M. Smaili*
Signature of Attorney/Party



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Reyes -v- Amazon.com Services LLC et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2201928 |

Smaili & Associates PC
600 West Santa Ava Blvd
Suite 202
Santa Ana CA  92701

This case has been assigned to:  Thomas S Garza in Department S27 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  08/29/2022  at 9:00 AM in Department S27 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 2/28/2022

Nancy CS Eberhardt, Court Executive Officer

By: _____
Eduardo Hernandez, Deputy Clerk

--------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  2/28/2022

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 2/28/2022 at San Bernardino, CA.

By: _____
Eduardo Hernandez, Deputy Clerk

1   Jihad M. Smaili, Esq. [262219]
    **SMAILI & ASSOCIATES, PC**
2   Civic Center Plaza Towers
    600 W. Santa Ana Blvd., Suite 202
3   Santa Ana, California 92701
    714-547-4700
4   714-547-4710 (facsimile)
5   jihad@smaililaw.com

6   Attorneys for Plaintiff

7                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                      **FOR THE COUNTY OF SAN BERNARDINO**

9

10  DAVID REYES, an individual;           )   **Case No.: CIVSB2201920**
                                          )
11          Plaintiff,                    )
                                          )
12      v.                                )
                                          )
13                                        )   **PLAINTIFF'S STATEMENT OF**
    AMAZON.COM SERVICES LLC, a            )       **PUNITIVE DAMAGES**
14  corporate entity form unknown; and    )         **[CCP §425.115]**
    DOES 1-50, inclusive,                 )
15                                        )
                                          )
16          Defendants.                   )
                                          )
17                                        )

18

19  **NOTICE TO:   AMAZON.COM SERVICES LLC, a corporate entity form unknown**

20  Plaintiff David Reyes reserves the right to seek $100,000.00 in punitive damages
21  against each of you when she seeks a judgment in the above captioned lawsuit filed
    against you.
22

23  Dated: March 31, 2022              **SMAILI & ASSOCIATES, P.C.**

24

25

26                              By: *Jihad M. Smaili*
27                                   Jihad M. Smaili, Esq.
                                     Attorneys for Plaintiff
28

---

STATEMENT OF PUNITIVE DAMAGES

1

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| | |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐   No ☐   Please check type agreed to: Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to   ☐ consolidate   ☐ **Trial dates requested: Yes** ☐   **No** ☐   Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____                    _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

_____                    _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

# EXHIBIT B

1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   Irina G. Rosenberg (SBN 287024)
3  irosenberg@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
5  Facsimile:     (310) 201-5219

6  Attorneys for Defendant
   AMAZON.COM SERVICES LLC

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF SAN BERNARDINO

11

12  DAVID REYES, an individual,              Case No. CIV-SB-2201928

13              Plaintiff,                   **DEFENDANT AMAZON.COM SERVICES
                                             LLC'S ANSWER TO PLAINTIFF DAVID
14       v.                                  REYES' COMPLAINT**

15  AMAZON.COM SERVICES LLC, a corporate
    entity form unknown; and DOES 1-50, inclusive,   Date Complaint Filed:      February 22, 2022
16
                Defendants.
17

18        AMAZON.COM SERVICES LLC ("Defendant") hereby answers the unverified Complaint for

19  Damages of DAVID REYES (Plaintiff"), as follows:

20                          **GENERAL DENIAL**

21        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally

22  each allegation and each purported cause of action in the Complaint, and without limiting the generality

23  of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or

24  omissions of Defendant.

25

26

27

28

## AFFIRMATIVE AND SEPARATE DEFENSES

### FIRST DEFENSE

#### (Failure to State a Claim)

1.       Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND DEFENSE

#### (Statute Of Limitations- All Causes of Action)

2.       Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965, Code of Civil Procedure sections 335.1 and 338, and Business and Professions Code section 17208.

### THIRD DEFENSE

#### (Failure To Exhaust Administrative Remedies - All Causes Of Action)

3.       Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

### FOURTH DEFENSE

#### (Laches - All Causes Of Action)

4.       Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

### FIFTH DEFENSE

#### (Consent And Waiver - All Causes Of Action)

5.       Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and waiver.

### SIXTH DEFENSE

#### (Estoppel - All Causes Of Action)

6.       Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

**SEVENTH DEFENSE**

**(Unclean Hands - All Causes Of Action)**

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**

**(Ratification - All Causes Of Action)**

8.      Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff ratified Defendant's alleged actions.

**NINTH DEFENSE**

**(Failure To Mitigate Damages - All Causes Of Action)**

9.      Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged in his Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

**TENTH DEFENSE**

**(Failure To Exercise Reasonable Preventive Corrective Opportunities - All Causes Of Action)**

10.      To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

**ELEVENTH DEFENSE**

**(Workers' Compensation Preemption - All Causes Of Action)**

11.      Plaintiff's claims for certain damages, such as for alleged emotional and/or physical injury, are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code section 3200, *et seq.*, inasmuch as they involve an employer/employee

3

relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his alleged employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

### TWELFTH DEFENSE

### (After-Acquired Evidence - All Causes Of Action)

12.     Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's separation from employment that provides independent legal cause for the changes in his employment.

### THIRTEENTH DEFENSE

### (Prompt Remedial Action - All Causes Of Action)

13.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

### FOURTEENTH DEFENSE

### (Legitimate Non-Discriminatory/Non-Retaliatory Actions - All Causes Of Action)

14.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

### FIFTEENTH DEFENSE

### (Mixed Motive - All Causes Of Action)

15.     Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

83302120v.1

## SIXTEENTH DEFENSE

### (Award Of Punitive Damages Is Unconstitutional - All Causes Of Action)

16.     To the extent that Plaintiff seeks punitive or exemplary damages in his Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## SEVENTEENTH DEFENSE

### (Setoff And Recoupment - All Causes Of Action)

17.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments Defendant made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## EIGHTEENTH DEFENSE

### (Offset - All Causes Of Action)

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## NINETEENTH DEFENSE

### (Undue Hardship - All Causes Of Action)

19.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

**TWENTIETH DEFENSE**

**(Good Faith Effort to Engage in Interactive Process - All Causes of Action)**

20.      Plaintiff's claims are barred, in whole or in part, because, assuming he was legally disabled, Defendant made a good faith effort to engage in the interactive process with, and to reasonably accommodate, Plaintiff.

**TWENTY-FIRST DEFENSE**

**(Plaintiff's Failure To Engage In An Interactive Process - All Causes Of Action)**

21.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding his purported need for a reasonable accommodation for his alleged disability.

**TWENTY-SECOND DEFENSE**

**(Reasonable Accommodation - All Causes of Action)**

22.      Plaintiff's claims are barred, in whole or in part, because Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business necessities.

**TWENTY-THIRD DEFENSE**

**(Inability to Perform Essential Job Function - All Causes of Action)**

23.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is or was unable to perform all of the essential job functions for his position, or any open alternative position for which he was qualified, even with reasonable accommodation.

**TWENTY-FOURTH DEFENSE**

**(Reasonableness And Good Faith - All Causes Of Action)**

24.      Plaintiff's claims are barred in whole or in part by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith.

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF DAVID REYES' COMPLAINT
83302120v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWENTY-FIFTH DEFENSE**

**(Managerial Privilege - All Causes Of Action)**

25.     Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

**TWENTY-SIXTH DEFENSE**

**(Health And Safety Of Plaintiff And Others - All Causes Of Action)**

26.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff could not perform the essential duties of his position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

**TWENTY-SEVENTH DEFENSE**

**(Adequate Legal Remedy - All Causes Of Action)**

27.     Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

**TWENTY-EIGHTH DEFENSE**

**(Lack of Standing - Seventh Cause of Action)**

28.     Plaintiff's Complaint, and any purported claim for relief alleged therein, is barred to the extent Plaintiff agreed to arbitrate claims alleged in the Complaint. The seventh cause of action fails to the extent that Plaintiff lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code § 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

83302120v.1

1

## **RESERVATION OF RIGHTS**

2       Defendant does not presently know all of the facts and circumstances respecting Plaintiff's

3   claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the

4   right to assert and rely on such other applicable defenses as may later become available or apparent.

5   Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete

6   defenses that it determines are not applicable during the course of discovery.

7

## **PRAYER**

8       WHEREFORE, Defendant prays for judgment as follows:

9       1.      That Plaintiff takes nothing by way of his Complaint;

10      2.      That the Complaint be dismissed in its entirety with prejudice;

11      3.      That judgement be entered in favor of Defendant and against Plaintiff on his entire

12  Complaint and on all causes of action alleged therein;

13      4.      That Defendant be awarded reasonable attorneys' fees according to proof;

14      5.      That Defendant be awarded the costs of suit herein incurred; and

15      6.      That Defendant be awarded such other and further relief as the Court or arbitrator may

16  deem appropriate.

17  DATED: May 11, 2022                        Respectfully submitted,

18                                             SEYFARTH SHAW LLP

19

20                                             By: _____
                                                   Jamie C. Pollaci
21                                                 Irina G. Rosenberg
                                                   Attorneys for Defendant
22                                                 AMAZON.COM SERVICES LLC

23

24

25

26

27

28

8

83302120v.1

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )
                                                        )   SS

3

COUNTY OF LOS ANGELES                )

4

        I am a resident of the State of California, over the age of eighteen years, and not a party to the

5

within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
90067-3021.  On May 11, 2022, I served the within document(s):

6

        DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF DAVID REYES' COMPLAINT

7

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
      in the United States mail at Los Angeles, California, addressed as set forth below.

8

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth

9

      below.

10

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
      sealed envelope or package provided by an overnight delivery carrier with postage paid on

11

      account and deposited for collection with the overnight carrier at Los Angeles, California,
      addressed as set forth below.

12

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth

13

      below.

14

☐   electronically by using the Court's ECF/CM System.

15

        SMAILI & ASSOCIATES, PC                  T:  714-547-4700; F:  714-547-4710

16

        Jihad M. Smaili, Esq.                              jihad@smaililaw.com
        Stephen D. Counts, Esq.                         stephen@smaililaw.com

17

        Civic Center Plaza Towers
        600 W. Santa Ana Boulevard, Suite 202   *Attorneys for Plaintiff*

18

        Santa Ana, CA  92701                            DAVID REYES

19

20

        I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

21

postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

22

        I declare under penalty of perjury under the laws of the State of California that the above is true

23

and correct.

24

        Executed on May 11, 2022, at Los Angeles, California.

25

26

                                                         _____
                                                                    Denise Wasko-Pena

27

28

PROOF OF SERVICE



# NATIONWIDE
## LEGAL

**COURT INSTRUCTIONS**
**PHONE (213) 249-9999**
**FAX (213) 249-9990**



| LA271697 |
|---|

**062 - RUSH PDF FILING  (3 HRS)**

| FIRM NAME: & ADDRESS: | CUST #: LA239 | COURT : |
|---|---|---|
| SEYFARTH SHAW LLP / CC | **DUE DATE #: 5/11/2022** | SAN BERNARDINO/CIVIL |
| 2029 Century Park East Suite 3500 | | 247 WEST 3RD STREET, SAN BERNARDINO, CA 92415 |
| Los Angeles CA, 90067 | | CASE# CIVSB2201928 |
| PHONE #:(310) 277-7200 | | CASE TITLE: DAVID REYES, VS. AMAZON.COM SERVICES LLC, |
| FAX #: (310) 282-6945 | | |
| CONTACT: Denise Wasko-Peña EMAIL: dwasko@seyfarth.com | | DOCUMENTS:  DEFENDANT AMAZON.COM SERVICESLLC'S ANSWER TO PLAINTIFF DAVIDREYES' COMPLAINT |
| BILLING / FILE #: 073139-020073 | | |
| DATE GENERATED #: 5/11/2022 | | |

**STATUTE DATE: 5/11/2022**       **HEARING DATE:**       **DEPT. S27**       **NLS DATE REC'D: 5/11/2022**

| | SPECIAL INSTRUCTIONS |
|---|---|
| ☒ FILE / CONFORM | **File today via Drop Box and Advance First Appearance fee and follow up with conformed copy.** |
| ☐ FILE AND SERVE | |
| ☐ COURTESY COPY DELIVERY | |
| ☐ RECORD | |
| ☐ COURT RESEARCH | |
| ☐ CERTIFIED | |
| | |
| ☒ Advanced Fees $ .00 | |
| ☒ Adv Fees approved by  435 | |

**REPORTS / COMMENTS:**

☐ **FILING SUBMITTED TO COURT ON** _____

☐ **REJECTED** _____

☐ **FILING CONFIRMED/REJECTED - SPOKE TO:** _____ **DATE:** _____

LA271697/WORKC